# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | NO. 14-0614 |
| EMANUEL BROWN | : | |

## M E M O R A N D U M

**STENGEL, C. J.**                                                                                October 26, 2017

Emanuel Brown filed a motion "pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co,[1]" and to Rule 60(d)(3) of the Federal Rules of Civil Procedure,[2] seeking to have his judgment of conviction vacated. The government has filed a response in opposition. For the following reasons, I will dismiss the motion for lack of jurisdiction.

In July 1991, Mr. Brown was convicted in the Middle District of North Carolina of bank robbery in violation of 18 U.S.C. § 2113(a), bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d), and use of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1). Mr. Brown was sentenced to 330 months' imprisonment and five years of supervised release. He appealed to the Fourth Circuit Court of Appeals, which affirmed the conviction.

Mr. Brown then filed petitions in the Middle District of North Carolina pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2244, and Federal Rule of Civil Procedure 60(b). Each petition was denied. The District Court in the Middle District of North Carolina

---

[1] See 322 U.S. 238 (1944).

[2] Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court."

dismissed Mr. Brown's first Rule 60(b) motion because it deemed it to be a second or successive § 2255 action.  See United States v. Emanuel Brown, No. 90-cr-240, Document #202.

In November 2014, Mr. Brown's probation was transferred here, to the Eastern District of Pennsylvania, where he is currently on supervised release.  Assuming that this court would also have jurisdiction over his North Carolina conviction, Mr. Brown filed a motion alleging a "fraud on the court" and seeking to have his conviction vacated.

Initially, I must agree with the government that this court has no jurisdiction to address Mr. Brown's conviction.  He was convicted in the Middle District of North Carolina, not in the Eastern District of Pennsylvania.  Any attempt to vacate that conviction must be addressed in the Middle District of North Carolina.  Thus, this district has no authority over his conviction, and this motion must be dismissed for lack of jurisdiction.

Even if it were properly before me, however, this motion would still fail for lack of jurisdiction.  In Hazel-Atlas, the Supreme Court recognized an exception to the general rule "that judgments should not be disturbed after the term of their entry has expired," and held that federal courts have an inherent power to "set aside their judgments after the expiration of the term at which the judgments were finally entered . . . under certain circumstances, one of which is after-discovered fraud."  Hazel-Atlas, 322 U.S. at 244.  To meet the "demanding standard" and prove a claim of fraud on the court, petitioner must show there was: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court."  Herring v. United

States, 424 F.3d 384, 390 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal, and convincing evidence.'" Id.

Hazel-Atlas, however, concerned fraud on the court in the context of a civil case. The Third Circuit Court of Appeals held in United States v. Washington, 549 F.3d 905 (3d Cir. 2008), that while in civil actions the court has long exercised "an inherent power to vacate its own judgment when the judgment was procured by fraud on the court," the same is not true in criminal actions. Id. at 911. The court found that even if federal courts ever had the inherent power to vacate criminal sentences that were procured by fraud, whatever the scope of this inherent power, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure, and that therefore the only ways to modify or vacate a sentence after the fact are those explicitly provided by statutes and the Federal Rules of Criminal Procedure. Id. at 917 (quoting Carlisle v. United States, 517 U.S. 416, 426 (1996)).

I note that even if Mr. Brown could meet the exacting standards of Hazel-Atlas, the initial question is whether this court has jurisdiction to consider the merits of his motion. The Third Circuit has yet to issue a precedential opinion on whether a post-conviction motion for relief from judgment under Hazel-Atlas should be treated as a § 2255 motion. Other courts in our district faced with this issue have followed the jurisprudence surrounding Rule 60(b) motions:

> First, the Court must determine whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-

3

> conviction relief proceedings. See Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). If it attacks the former, it is treated as a collateral attack on the conviction, and is subject to the limitations of the Antiterrorism and Effective Death Penalty Act. Id. at 531; see also Nicholas v. Patrick, Civ. A. 06-1680, 2015 U.S. Dist. LEXIS 62543 (E.D. Pa. May 11, 2015) ("The court must first determine whether petitioner's Hazel-Atlas motions are in essence second or successive *habeas* petitions").

United States v. Spikes, No. 08-201-2, 2015 U.S. Dist. LEXIS 124098 (E.D. Pa. Sept. 16, 2015) (internal citations omitted); United States v. Burnett, No. 08-201, 2015 U.S. Dist. LEXIS 69722 (E.D. Pa. May 29, 2015); Nicholas v. Patrick, No. 06-1680, 2015 U.S. Dist. LEXIS 62543 (E.D. Pa. May 13, 2015); United States v. Rodriguez, No. 98-362-12, 2012 U.S. Dist. LEXIS 6046 (E.D. Pa. January 18, 2012). Thus, here, if I determine that Mr. Brown's Hazel-Atlas motion should be treated like a § 2255 motion, then it is a second or successive petition. He would then have to procure a certificate of appealability from the Third Circuit Court of Appeals before this court could consider the merits.

I also note that Rule 60(d)(3) is a civil rule and therefore an inappropriate vehicle to vacate a criminal sentence. The Federal Rules of Civil Procedure govern "suits of a civil nature." See Fed.R.Civ.P. 1. Typically, they do not apply in criminal cases. Mr. Brown has no civil action pending before this court. The conviction he seeks to vacate was rendered in a criminal case, not a civil case. The Supreme Court has explained, however, that there is one limited situation in which Rule 60 may be invoked by a federal inmate: where the inmate asserts that a judgment resolving a motion under 28 U.S.C. §

2255 (which is treated under the law as a civil motion) is invalid due to a procedural defect. See Gonzalez v. Crosby, 545 U.S. 524 (2005).

In Gonzalez, the petitioner had filed a federal *habeas* petition which was dismissed as untimely on the basis of an interpretation of the Antiterrorism and Effective Death Penalty Act statute of limitations, later rejected by the Supreme Court. The Court held that the petitioner's objection in his Rule 60 motion to the dismissal of his original Section 2255 petition on this basis did not present a new claim for relief from the judgment, but rather a permissible challenge regarding a "nonmerits aspect of the first federal *habeas* proceeding." Id. at 534. The Court further held that a motion under Rule 60 ordinarily amounts to a successive Section 2255 petition, subject to the strict limitations on such petitions, if it presents a new claim for relief from the criminal judgment. If, on the other hand, the "Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal *habeas* proceedings," it may be allowed. Id. at 532.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which, among other things, established stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" *habeas corpus* petition with a district court. The AEDPA's requirements for filing a second or successive petition under § 2255 is codified at 28 U.S.C. § 2255(h), which provides:

> (h) A second or successive motion must be certified as provided in
> Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Among other things, the AEDPA requires that before filing a "second or successive" petition with the district court, an applicant must "move in the appropriate Court of Appeals for an Order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks subject-matter jurisdiction over an unauthorized second or successive petition. Lugo v. Zickefoose, 427 F.App'x 89, 92 (3d Cir. 2011) ("We also agree with the district court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion"). In other words, if a petitioner does not obtain authorization from the Court of Appeals to file a second or successive motion, the district court is without subject-matter jurisdiction to hear the petition.

Once it is determined that the filing of a petitioner is an unauthorized second or successive petition, a district court within the Third Circuit may proceed by entering an Order either (1) dismissing the petition for lack of subject-matter jurisdiction, or (2) transferring the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive *habeas* petition is erroneously filed in a district court without the permission of a Court of

6

Appeals, the district court's only option is to dismiss the petition or transfer it to the Court of Appeals pursuant to 28 U.S.C. § 1631"). The AEDPA's substantive requirements, which are codified at § 2244(b), are the same whether an application is transferred from the district court or is filed by the applicant directly with the Court of Appeals.

Here, guised as a motion pursuant to Hazel-Atlas and Rule 60(d)(3), Mr. Brown's motion seeks to collaterally attack his underlying conviction. He claims that there was a fraud on the court because the government in its Section 2255 response submitted "a bogus arrest warrant...." Mr. Brown provides no support for this claim that the arrest warrant submitted by the government was not legitimate. He only attaches letters from individuals who stated they did not have a copy of the arrest warrant. Mr. Brown also claims that his conviction was based on false evidence and perjury because his co-conspirator allegedly testified falsely at trial. These substantive claims, which could have been the basis of a direct appeal or a Section 2255 motion, may not be presented under either avenue he has chosen here. See United States v. Washington, 549 F.3d 905 (3d Cir. 2008) (a federal court has no inherent authority to vacate a final judgment based on earlier false statements to the court, and instead may act only as authorized under Section 2255, Federal Rule of Criminal Procedure 35, or 18 U.S.C. § 3582). Notwithstanding these allegations, Mr. Brown does not raise any procedural infirmity in the previous Section 2255 ruling in the Middle District of North Carolina.

Mr. Brown's motion, therefore, must be treated as a successive *habeas* petition. See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). This motion is clearly a

7

successive *habeas* petition which may not be filed without the approval of the Court of Appeals.  See 28 U.S.C. § 2255.

In conclusion, I will deny Mr. Brown's motion without prejudice to his moving in the proper United States Court of Appeals for an Order authorizing the district court to consider his second or successive application under 28 U.S.C. § 2255.

An appropriate Order follows.